BURT ET AL *v*. BRASHEARS.

[79 South, 182, Division B.]

1. USURY. *Note. Provision for interest. "Stipulate."*
A note dated February, 1912, and payable January 1, 1913, providing for ten per cent. interest "straight until paid," is usurious as it contemplates the payment of ten per cent. interest for a period of time less than a year and therefore "stipulates" for an unlawful rate of interest contrary to the plain terms of the statute.

2. USURY. *Usurious interest part of principal of other note.*
Where the maker of a usurious note gives the payee another note, the principal of which includes the usurious interest due on the first note. In such case the usurious interest included in

the principal of the second note should be deducted therefrom in ascertaining the amount of the principal due on such notes.

3. USURY. *Effect of usury. Provision for attorney fees.*
Where a promissory note provided that, "in the event default is made in the payment of this note at maturity and it is placed in the hands of an attorney for collection or suit is brought on same, then an additional amount of ten per cent. on the principal and interest of this note shall be added to the same as collection fees." The payee having turned over the note to a lawyer on default for collection is entitled to an additional ten per cent. on the principal, although interest was forfeited because of usury.

4. USURY. *Forfeiture of principal. Interest.*
Under Code 1906, section 2678 (Hemingway's Code, section 2070), providing that on a usurious note, "all interest shall be forfeited." Where the principal of a usurious note is a valid obligation, only the usurious interest is forfeited.

APPEAL from the chancery court of Bolivar county. HON. JOE MAY, Chancellor.

Suit by W. I. Brashears, executor, against W. T. Burt and another, trustees. From the decree rendered, defendant appeals, and plaintiff cross-appeals.

The facts are fully stated in the opinion of the court.

*Whitfield & Whitfield,* for appellants, and cross-appellees.

*A. W. Shands,* for appellee and cross-appellant.

STEVENS, J., delivered the opinion of the court.

There is in this case an appeal and cross-appeal, growing out of the following state of facts:

In February, 1912, one Alfred Buford, now deceased, executed his promissory note to appellant W. T. Burt, in the sum of two thousand dollars due and payable January 1, 1913, and to secure this note and "any other amount that might be due" by the maker of said note, a deed of trust was duly executed on

approximately four hundred acres of land in Bolivar county. On December 31, 1912, Buford executed to Burt another promissory note in the sum of seven hundred and seventy-nine dollars and twenty-five cents, stipulating for interest as follows: "With ten per cent. interest per annum from date until paid." The note for two thousand dollars had the following provisions for interest: "With ten per cent. interest straight until paid." In making this provision it appears that the words "per annum from" in the printed form of the note were struck out, and the word "straight" substituted before the note was signed; this change being made by Mr. Burt himself, but "before the party signed the note." Other advances were made by Burt to Bulford, and this indebtedness is claimed by open account. In May, 1914, Alfred Buford died, leaving a last will and testament, by which he appointed Brashears, the appellee herein, as his executor. Mr. Sillers, as substituted trustee in the deed of trust, was proceeding to advertise the lands embraced in the deed of trust for sale when appellee, as executor, filed a bill in the chancery court to enjoin the sale, and upon this bill the temporary writ of injunction was issued, and thereafter at final hearing the chancellor held that the injunction was rightfully sued out. The main charge in the bill of complaint is the averment that both the note for two thousand dollars and the one for seven hundred and seventy-nine dollars and twenty-five cents were usurious, and that the indebtedness should be purged of usury, and an accounting should be taken under the direction of the court.

The court in the final decree found that the provision "with ten per cent, interest straight" in the two thousand dollars note was usurious, but that the principal sum was due and payable; that the note for seven hundred and seventy-nine dollars and twenty-five cents embraced the sum of two hundred charged against Buford as usurious interest on the two thou-

sand dollar note, and that the amount due under the last note "is the sum of five hundred and seventy-nine dollars and twenty-five cents with interest at the rate of ten per cent. per annum from the date thereof until this date, together with an attorney's fee of ten per cent. on the total amount of principal and interest." The court allowed two hundred dollars attorney's fees on the two thousand dollar note, and also attorney's fees on the smaller note. The decree further found that the injunction was rightfully sued out, but that, further than above stated, the proof submitted "does not sufficiently advise the court as to what is the full amount due by the complainant to the defendant W. T. Burt, or as to what amount, if any, additional to to the notes hereinbefore mentioned, is secured by the trust deed," and that the decree rendered should not be regarded as an adjudication of the full amount secured by the trust deed, or as to the full amount due by the estate of Buford to Mr. Burt. Both parties excepted to the rulings of the court and the decree rendered, and prosecuted appeals. The direct appeal of Mr. Burt challenges the correctness of the final decree principally upon two grounds: First that there was no valid tender of the amount actually due and owing and secured by the trust deed; and, secondly, the court declined to permit the introduction of parol evidence to explain the meaning of the phrase "ten per cent. straight." The cross-appeal assigns as error the allowance by the court of interest on the seven hundred and seventy-nine dollars and twenty-five cent note, after crediting it with two hundred dollar adjudged to be usurious; and, secondly, the allowance of attorney's fees on both notes.

On the direct appeal we see no cause to disturb the findings of fact or conclusions of law reached by the chancellor, and upon direct appeal the case will be affirmed. Evidently the chancellor held that the two thousand dollar note on its face stipulated that ten

per cent. interest would be charged and collected for the use of the principal sum from February, 1912, until January 1, 1913, a period of time less than one year, and that this was a violation of our statute. This interpretation of the instrument itself is correct; the note "stipulated" for usurious interest.

On cross-appeal it was error to allow any interest whatever the note for seven hundred and seventy-nine dollars and twenty-five cents. This note stipulated for two hundred dollars usury, interest attempted to be collected unlawfully upon the larger note of two thousand dollars. The plain terms of our statute were violated, and the statute defines and imposes the penalty. All interest whatever is forfeited. There is no merit, we think, in the other assignment, challenging the allowance of attorney's fees.

Both notes expressly provided that:

"In the event default is made in the payment of this note at maturity and it is placed in the hands of an attorney for collection, or suit is brought on same, then an additional amount of ten per cent. on the principal and interest of this note shall be added to the same as collection fees."

It is conceded that the notes were placed with the law firm of Sillers & Sillers for collection, and under the express contract attorney's fees became due and payable as a part of the note. Our courts have construed this provision for attorney's fees liberally in favor of the holder of a promissory note, upholding its validity and even holding that where the maker of the note containing such a provision is garnished and fails to pay the proceeds of the note into the court having jurisdiction of the garnishment, he remains liable for the commissions, if collection is made by an attorney. *Brahan* v. *Bank,* 72 Miss. 266, 16 So. 203. In the case memtioned, the opinion states:

"If appellant had wished to escape possible liability for attorney's fees and accumulating interest, he should

have availed of his privilege to pay into court the amount of the notes as they fell due, suggesting the fact of their negotiation, if known to him."

Council for cross-appellant rely upon the case of *American Freehold Land & Mortgage Co.* v. *J. T. Jefferson et al.*, 69 Miss. 770, 12 So. 464, 30 Am. St. Rep. 587, the only case brought to our attention which suggests a contrary ruling. It will be observed from the statement of facts in the case relied on that appellees, the makers of the note there secured by mortage, were residents of Memphis, Tenn., while the defendant corporation, the holder of the note, was a New York corporation, and the note was made payable at the office of the Corbin Banking Company, in New York City. The statutes of New York provided that:

"Contracts for the loan of money at a rate greater than six per cent. per annum shall be void; and further, that the court of chancery shall decree such contracts void, and enjoin any prosecution thereon, and order the same to be surrendered and canceled." 3 Rev. Stat. N. Y. 2254, section 8.

Also:

"In Tennessee it is usurious to contract for more than six per cent. per annum." Code of Tenn. p. 471.

The court was not dealing with a Mississippi contract, while here we are construing a contract executed and made payable in this state, and subject to the usuary laws of our state. Our statute (section 2678, Code of 1906 [Hemingway's Code, section 2075]) defines, we think, the only forfeiture which we are justified in enforcing, and that is, "all interest shall be forfeited." The entire contract here under review does not fall. The obligation for the repayment of the principal certainly remains a valid, subsisting obligation, and so, likewise, the agreement to pay ten per cent. attorney's fee upon this principal, if the note is placed in the hands of an attorney for collection. All interest on both notes being forfeited, it follows

that ten per cent. attorney's fees cannot be allowed upon any of the interest. On account of the error in allowing interest on the seven hundred and seventy-nine dollars and twenty-five cents note, and attorney's fees upon this interest, the decree of the learned chancellor will be reversed on cross-appeal. It appears that the court retained jurisdiction of the case, and that further proceedings are necessary, and accordingly the case is remanded for further proceedings, in accordance with this opinion.

*Affirmed on direct appeal, and reversed and remanded on cross-appeal.*