JONES *et ux. v.* BREWER *et al.*\*

(In Banc.   Oct. 18, 1926.   Suggestion of Error Overruled Nov. 15, 1926.)

[110 So. 115.   No. 25377.]

1. USURY.
   Usurious interest charged on notes partially made up of balance on former notes did not taint the first transaction with usury.

2. USURY.
   Attorney's fees provided in notes *held* properly allowed on holder's cross-bill in action by maker to cancel indebtedness because of usurious charges.

3. USURY.
   Usurious charge must be allowed and applied to payment of principal at time it was charged and collected.

4. LIMITATION OF ACTIONS.
   Usury charged on notes, although ordinarily barred by lapse of time, could properly be pleaded as offset, as being debt due to maker by holder at time notes were still in existence.
   SMITH, C. J., and ETHRIDGE and ANDERSON, JJ., dissenting in part.

---

\*Corpus Juris-Cyc. References: Usury, 39Cyc, p. 990, n. 22; p. 993, n. 39 New; p. 1027, n. 77; p. 1030, n. 90 New.

APPEAL from chancery court of Carroll county.
HON. T. P. GUYTON, Chancellor.
Suit by Ike Jones and wife against W. H. Brewer and J. G. Petty, substitute trustee, wherein defendant Brewer filed a cross-complaint.   From the decree plaintiffs ap-

peal, and defendant Brewer cross-appeals.   Affirmed in part, and in part reversed and remanded.

*S. E. Turner* and *J. E. Conger,* for appellants.

This is not a suit to recover a penalty, *eo nomine.   Commercial Bank* v. *Auze,* 74 Miss. 609, 11 So. 754.   ''When the illegality of consideration extends only to a part of plaintiff's demand, as in the present case; where the contract of transfer is illegal, and void, only as to interest, the same rule must apply and the defense must prevail so far as to prevent the recovery of all interest, because where the consideration is illegal as to a part of the demand, the defense must prevail to that extent upon the same principle by which the whole action is defeated, where the entire claim is rendered void by illegality of consideration.   *Coulter et al.* v. *Robinson,* 14 S. & M. 18; *Newman* v. *Williams,* 29 Miss. 212; *Lewis* v. *Hickman,* 77 So. (Ala.) 46; *Blue* v. *Bank,* 75 So. (Ala.) 377; *Brashear* case, 118 Miss. 339, 69 So. 182.

Usurious payments are never barred and the law applies them for the parties as of the date they are paid. *Brewer* v. *Jones,* 131 Miss. 545, 95 So. 519.; *Polkinghorn* v. *Hendricks,* 61 Miss. 366; *Chaffee* v. *Wilson,* 59 Miss. 15; *Bend* v. *Jones,* 58 Miss. 368; *Mattock* v. *Cobb;* 62 Miss. 43; *Bank* v. *Fraser,* 63 Miss. 231.

These cases not only say that the statute of limitations does not apply as against a payment, but hold that the payment of usurious interest is a payment, credited by the law when paid.   Was it usury on the forty-five hundred dollar loan for the first note to be placed in a renewal note and the interest on it made to run at six per cent on its face from January first prior thereto, and maturing before the end of the year?   This was done twice in this case.

We have an ''Evasion of six per cent Statute,'' section 2076, Hemingway's Code.   See also section 2075, Hem-

ingway's Code (section 2678, Code of 1906); section 2079 (2681) Hemingway's Code.

*Set-off and counterclaim.* Barred claims can be set-off against those not barred. The only difference is no judgment ever can be obtained on a barred claim. Set-off and counterclaim defenses are available always even if barred themselves. *Bank* v. *Gambrill,* 116 Miss. 343, 77 So. 148.

*Attorney's fees.* The question of attorney's fees is controlled by the *Zachary case,* 101 So. 588.

*R. C. McBee,* for appellee.

I. It is claimed that the interest was not earned for the time that Jones kept the papers in his possession, after the same were figured, drawn up and delivered to him for signature; that this interest amounts to five dollars and has tainted the entire transaction with usury.

"If the agreement for a loan contemplates that the entire amount shall be available to the borrower at once, the mere fact that he leaves a part thereof with the lender for a time, or that a brief delay in paying it over to him occurs, does not make the transaction usurious in the absence of a corrupt intent to evade the law against usury. *Bishop* v. *Blair* (1900), 90 Ill. App. 64; *Appleton Bank* v. *Fiske* (1864), 8 Allen (Mass.) 201; *Leonard* v. *Cox* (1880), 10 Neb. 341, 7 N. W. 289; *Muir* v. *Newark Sav. Inst.* (1863), 16 N. J. Eq. 537; *Bevier* v. *Covell* (1881), 87 N. Y. 50; *Keyes* v. *Moultrie* (1858), Bosw. (N. Y.) 1; *Geisberg* v. *Mut. Bldg. & Ass'n* (1901, Tex.), 60 S. W. 478; 12 A. L. R. 1423 and note; *Planters' Bank* v. *Snodgrass,* 4 How. 73; *Smythe* v. *Allen,* 67 Miss. 146.

II. This loan was not usurious because of section 2076, Hemingway's Code, chapter 137, Laws of 1914, which provides that a loan is usurious if a sum in excess of six per cent is charged where the note shows six per cent on its face. This statute became effective March

27, 1914.   The present loan was made February 20, 1914.   The contract already made could not be affected by any change in the law.   *Murrell* v. *Jones,* 40 Miss. 565 at 584; *Richard* v. *City Lumber Co.,* 101 Miss. 678-692.

III.   Counsel seem to argue in their brief that because the separate, subsequent, independent eighteen hundred dollar note contained usury and because it was made up in part of a six hundred twenty-eight dollar balance from the original loan, that therefore the original loan was usurious.   39 Cyc. 992.

IV.   Set-off with us is purely statutory.   *Henry* v. *Hoover,* 6 S. & M. 418; *Hoover Commercial Co.* v. *Humphrey,* 107 Miss. 810; *Fire Ass'n of Philadelphia* v. *Schellenger,* 84 N. Y. Eq. 464, 94 Atl. 615; *Home Ins. Co.* v. *Hartshorn,* 128 Miss. 282, 91 So. 1.   Under section 2479, Hemingway's Code, both his right and his remedy had expired. · The court deciding an issue of fact held that these were separate and distinct transactions.   39 Cyc. 1029; *Riddle* v. *Rosenfeld,* 103 Ill. 600; *Dickey* v. *Permanent Land Co. of Baltimore,* 63 Md. 170; *Sturgis* v. *Nat'l Bank,* 9 Tex. Civ. App. 540, 30 S. W. 678.

The question of application of payments by operation of the law is not a part of the law of set-off and has no place in this record since the transactions were separate and distinct.   *Knights of Pythias* v. *Quinn,* 78 Miss. 525.

V.   *Attorney's fees.*   Appellant complains because the decree embraced the attorney's fees provided for in the note, and cites as his authority the *Zachary case,* 101 So. 558.   That case is not in point.   8 C. J. 1098; *Hoover Com. Co.* v. *Humphrey,* 107 Miss. 810-819.

Brief of *J. W. Conger,* for appellant, in response to question by the court.

''Is the maker of a note of the character of the ones here involved liable to the holder for the attorney's fees therein provided for or any part thereof, where the

146 Miss.—10.

holder has demanded of the maker a sum larger than the true amount due, and the maker in order to defend against the claim of the holder is forced to employ attorneys and litigate the question as to the amount due resulting in a judgment for the holder for an amount less than that claimed by the latter?'' As to the nature of a stipulation for attorney's fees, see *Parks* v. *Granger,* 96 Miss. 503, 51 So. 716, 27 L. R. A. (N. S.) 157.; *Almand* v. *Almand,* 95 Ga. 204, 22 S. E. 213; Pomeroy's Eq., sec. 436, ''Concerning Penalties.''

It was never intended that the ten per cent stipulated in any case should be allowed, except in the event the note should be placed in the hands of an attorney for collection after maturity, upon and after default in payment.

In order for the holder of these notes to collect an attorney's fee at all on any account, it must be held that the stipulation therein meant that the attorney's fees became a part of the principal when the contingency arose; that is, the debt itself; but it is settled in our state that the liability for attorney's fees does not attach until the exact contingency provided for has arisen. This contingency cannot be held to have arisen under the facts of this case. *Middleton* v. *Zachary,* 101 So. 558.

In *Brahan* v. *Bank,* 16 So. 203, it was decided that the ten per cent stipulated was valid and the fact that the debtor was garnished and the note fell due while the garnishment was pending, and *the note was collected by an attorney,* did not relieve the debtor of the payment of the ten per cent commissions. See, also, *Eyrich* v. *Bank,* 67 Miss. 60, 6 So. 615; *Burlington, etc., R. R. Co.* v. *Dey,* 12 L. R. A. 436 (Iowa).

Attorney's fees, although stipulated, are in the equitable control of the court. *Graves* v. *Burch,* 5 A. L. R. 1216 and cases there cited. See, also, *Am. Freehold Land, etc.* v. *Jefferson,* 69 Miss. 770, 12 So. 464; 27 R. C. L. 242-43; *Lindsey* v. *Hill,* 66 Me. 212, 22 Am. Rep. 564.

Tender was made in good faith in the bill and offer made to pay whatever amount that might be found to be due—all before the notes were delivered to counsel for the defense. *Am. Freehold Land Co.* v. *Jefferson,* 69 Miss. 770, 12 So. 464; *Purvis* v. *Woodward,* 78 Miss. 922, 29 So. 917; *Crittenden* v. *Ragan,* 89 Miss. 185, 42 So. 281; *Union Nat'l Bank* v. *Fraser,* 63 Miss. 231; *Dickerson* v. *Thomas,* 67 Miss. 788, 7 So. 503.

The mortgage and the notes were void for the amount not due. *Moncrief* v. *Palmer,* 17 A. L. R. at 119 (R. I.) 114 Atl. 181; *Lewis* v. *Germania Savings Bank,* 96 Pac. 86; *Daily* v. *Maitland,* 88 Pa. 384, 32 Am. Rep. 457.

*R. C. McBee,* for appellee, in response to the request of the court.

"Is the maker of a note of the character of the ones here involved liable to the holder for the attorney's fee therein provided for or any part thereof, where the holder has demanded of the maker a sum larger than the true amount due, and the maker in order to defend against the claim of the holder is forced to employ attorneys and litigate the question as to the amount due resulting in a judgment for the holder for an amount less than that claimed by the latter?"

There is a diversity of opinion among the courts as to the validity of a provision in a note for attorney's fees. 8 C. J. 148. Our court has held from an early date that such a provision is valid. *Meacham* v. *Pinson,* 60 Miss. 217; *Eyrich* v. *Capital State Bank,* 67 Miss. 60; *Brahan* v. *Clarksville First Nat'l Bank,* 72 Miss. 266; *Duggan* v. *Campbell,* 75 Miss. 441; *Bank of Duncan* v. *Brittain,* 92 Miss. 545; *Burt* v. *Brashears,* 118 Miss. 339.

In the case at bar, if the appellants had paid into court with their bill the amount of principal and interest due, they might have escaped the attorney's fees, for it clearly appears by the testimony of one of appellants that Brewer had never turned the notes over to an attorney, nor attempted to do so. At the time the original bill was filed, Jones did not see fit to do this, but on the contrary

he withheld the money and by his own act rendered it necessary for Brewer to place his notes in the hands of an attorney.

The court's question assumes facts which were not contended for by anybody when this case was submitted. *Bank of Duncan* v. *Brittain,* 92 Miss. 545. It would seem, however, that the question here propounded has been definitely settled by this court in *Burt* v. *Brashears,* 118 Miss. 339. See, also, *Parks* v. *Granger,* 96 Miss. 503; *Blankenship* v. *Watersky,* 6 S. W. 143; *Warder* v. *Raymond,* 7 S. D. 451, 64 N. W. 525; *Almand* v. *Almand,* 95 Ga. 204, 22 S. E. 214.

Counsel takes the position that attorney's fees, though stipulated, are in the equitable control of the court, and may be disallowed as penalties are disallowed, under circumstances rendering their recovery inequitable or unconscionable, citing *Graves* v. *Burch,* 5 A. L. R. 1216, and decisions from a number of jurisdictions. The only Mississippi case he cites is *Am. Freehold Land & Mort. Co.* v. *Jefferson,* 69 Miss. 770. This case was before the court in *Burt* v. *Brashears,* 118 Miss. 340. The court distinguished that case.

HOLDEN, P. J., delivered the opinion of the court.

Ike Jones and his wife instituted this suit in the chancery court aganist W. H. Brewer, seeking to enjoin a foreclosure of a deed of trust, and asking for an accounting in the different transactions between the parties running back for a number of years. Brewer filed an answer and cross-bill, asking for the foreclosure of his mortgage against Jones and his wife and for the attorney's fees provided in the note. On the hearing of the cause upon the merits, the Chancellor found in favor of Brewer, the cross-complainant, except as to the allowance of usury in favor of Jones as an offset against the amount claimed by Brewer under the mortgage.

Jones directly appeals, and Brewer cross-appeals, from the decree of the lower court.

The case is substantially as follows: Jones borrowed four thousand five hundred dollars from Brewer in 1914 and executed ten promissory notes therefor, each being in the sum of four hundred fifty dollars, plus eight per cent. interest, due annually. Most of these notes were paid at maturity. Some of them remained unpaid, for which Jones executed subsequent notes and included therein the amount of the unpaid notes of the first transaction. The last-named notes also included additional money advanced to Jones by Brewer.

The Chancellor held, as a fact, that the two last notes provided for usurious interest, and that the interest on these notes, which amounted to several hundred dollars, was forfeited; but held that there was no usury charged in the interest on the ten notes executed to cover the four thousand five hundred dollar transaction first mentioned.

The court also held that Jones and his wife were indebted to Brewer on the final accounting in the sum of about two thousand three hundred fifty-two dollars and fifty cents, which amount included attorney's fees for the collection of the notes against Jones. The court further held that the usurious interest forfeited by Brewer on the notes mentioned should be credited as an offset against the amount due by Jones to Brewer under the deed of trust, but that no interest upon the usurious interest should be allowed to Jones nor should Jones be allowed to credit the usurious interest to the payment of the principal due at the time when the usurious interest was charged and collected and thus reduce the principal of the amount due by Jones, and in that way reduce the amount allowed to Brewer on the final accounting.

The main appellant, Jones, contends that the decree of the lower court is wrong in three particulars, namely:

First, that the court should have allowed him a forfeiture of the interest in the first transaction involving the ten notes of four hundred fifty dollars each, although the interest charged on that transaction was not usurious, because some of the notes in that transaction had been included in the subsequent notes of one thousand eight hundred dollars and one thousand four hundred seventy-six dollars given by Jones to Brewer, in which the interest was usurious, and that therefore the usurious charge in the subsequent notes tainted all of the notes with usury in the first transaction, and that the court should have held that the interest in the first transaction was forfeited as usurious.

On this proposition, we hold that the Chancellor was correct in his view that the interest charged in the first transaction was not usurious; and the fact that the subsequent notes, in a different transaction, bore usurious interest, and because such notes were partially made up of a balance due from the first transaction, did not taint the first transaction with the infirmity of usury.

The taking of the first ten notes and the taking of the subsequent notes were different transactions, were founded on different considerations, and the fact that some of the old indebtedness was included in the subsequent notes did not taint with usury the indebtedness of the first transaction. There was no such connection between the two transactions as to warrant the view that the interest in the first transaction was usurious, because usurious interest was charged in the two subsequent notes.

Second, Jones contends that no attorney's fees should have been allowed for the collection of the indebtedness against him, because he (Jones) was compelled to enter suit to cancel the indebtedness against him because of the usurious charges, and he, having established usury as charged in the bill, should not be compelled to pay the attorney's fees for Brewer in the collection of the balance of the amount due by him on the notes, but that, since he was forced to go into court to secure his just

rights as against the usurious charges, he should not be made to pay for the legal services provided for in the notes in favor of Brewer. It may be stated, at this juncture, that Jones did not tender any amount in his bill but contended that he owed Brewer nothing, and that, if he was owing him anything, he was willing to pay it upon such ascertainment by the accounting.

On this point, we think the Chancellor was correct in allowing the attorney's fees provided in the notes. Brewer was cross-complainant, and sought affirmative relief in the collection of the notes and the foreclosure of the mortgage, which relief was granted by the lower court. The mere fact that Brewer was brought into court at the instance of Jones (who was partially successful in his complaint) did not relieve Jones of the obligation to pay attorney's fees for the collection of the balance by Brewer, the cross-complainant below. We apprehend, though it is unnecessary to decide, that if Jones had tendered the amount of the principal debt recovered by Brewer in this case, no attorney's fees could have been charged against Jones for the collection of the balance of the notes by Brewer. The case of *Burt* v. *Brashears,* 118 Miss. 339, 79 So. 182, settles the question in favor of the correctness of the holding of the Chancellor.

On the third contention of Jones, that the Chancellor erred in not allowing the usury charged by Brewer in the last transaction to be applied to the payment of the principal of the notes at the time it was charged and collected, we think the point is well taken, and that the decree must be reversed in that regard so that the amount of the usury may be properly credited and a deduction allowed, as against the amount of the balance recovered against Jones by Brewer, as a proper calculation may show.

On the point presented by Brewer on cross-appeal, that is, that the court should not have allowed the amount of the usury as an offset against the amount due by Jones because it was barred by the statute of limitation

at the time it was offered, we are of opinion the Chancellor was correct in allowing the usury as an offset against the claim of Brewer, because while it would ordinarily have been barred by the lapse of time, yet it could be pleaded as an offset, because it was a debt due to Jones by Brewer at a time when the claim of Brewer against Jones was in existence.

In view of the above conclusions, the decree of the lower court on both direct and cross-appeals is affirmed, except as to that part of the decree which denied Jones the right to an application of the amount of the usury to the payment of the principal owed by him at the time of the charge and collection of the usury, and to this extent the decree is reversed and the case remanded for another hearing, in accordance with this opinion.

*Affirmed in part and reversed in part.*

SMITH, C. J.

I concur in what has been said in the opinion in chief, except that relative to what is referred to in the opinion as the third contention of Jones.

This is the second appearance of this case in this court, and the opinion rendered on the former appeal will be found in 131 Miss. 545, 95 So. 519. As set out in the opinion then rendered:

"Jones borrowed the sum of four thousand five hundred dollars from the defendant, Brewer, on February 25, 1914, and executed his ten promissory notes therefor, each being for the sum of four hundred fifty dollars, plus eight per cent interest on the debt due; that is to say, the first note included eight per cent. interest on the four thousand five hundred dollars to January 1, 1915, the second note included interest on four thousand and fifty dollars from January 1, 1915, to January 1, 1916, and so on through the series."

Brewer admits that all of these notes have been paid except, and his effort here is to collect, the last four notes.

According to the allegations of the bill, usury was collected from Jones by Brewer on some of these notes that have been paid; and this court, in its former opinion, held that a payment on one of the original notes was a payment on the entire original indebtedness, and directed the usury collected by Brewer to be applied accordingly. When the evidence came in on the return of the case to the court below, it appeared that usury was not collected by Brewer on any of the original notes, the facts being that when the first of these notes, which was for the sum of seven hundred sixty dollars matured, Jones made a payment on it of one hundred thirty dollars and took up the note by the execution of a new note for the sum of one thousand eight hundred dollars, which included the balance due on the old note, additional money then loaned Jones by Brewer, two other debts not connected with the four thousand five hundred dollar debt due from Jones to Brewer, and interest. When the second of the original notes, which was for seven hundred seventy-four dollars, matured, it was taken up by a new note executed by Jones for one thousand four hundred seventy-four dollars, which included the old note, a new loan, and interest. These two notes and interest thereon were paid by Jones.

The court below held that these two notes were tainted with usury and applied all interest paid thereon to the principal, which resulted in an overpayment thereof by Jones of several hundred dollars, which amount the court further held could be set off by Jones against the four notes of the original series which Brewer here seeks to collect. No interest was allowed Jones on the usury held to have been paid by him.

His contentions here are:   (1) Since one of the original series of notes was embraced in each of the two new notes included by him, one for one thousand eight hundred dollars and one for one thousand four hundred seventy-four dollars, the payment of usury thereon by him was a payment of usury on a part of the original debt of

four thousand five hundred dollars, and that consequently, all interest paid by him on any of the original series of notes should be forfeited; and (2) if mistaken in this, he should have been allowed interest on the amount of usury paid by him on the two new notes.

I concur in the holding of the court below on the first of these contentions, but I am of the opinion that Jones should have been allowed interest on the usury paid by him on the two notes. Usury in excess of the principal of the debt on which it is paid becomes, when paid, a debt due by the recipient thereof to the person paying it; and, under the statute, of course, bears interest at six per cent.

We are not confronted with Jones' right to interest on this set-off at a rate in excess of that borne by the debt against which he seeks to set it off.

I am unable to concur with my associates in holding that the amounts overpaid by Jones on the one thousand eight hundred dollars and one thousand four hundred seventy-four dollars notes were payments by him on another and different debt, to-wit, the unpaid notes of the original debt, and, if I am correct in so holding, the rule which regulates the application of payments, on which my associates, in effect, decide this branch of the case, has no application here. The difference to Jones whether the amounts overpaid by him on the one thousand eight hundred dollars and one thousand four hundred seventy-four dollar notes are held to be payments on the four thousand five hundred dollar debt, or are allowed to him by way of set-off, may here be of no consequence, but whether the rule regulating the application of payments or that of set-off should be applied in cases of this character may in other and future cases materially affect the rights of litigants.

ETHRIDGE, J. (dissenting).

I dissent from that part of the majority opinion holding that the appellant is liable for attorney's fees.

The notes provide "and ten per cent. additional as attorney's fees, if this note is placed in the hands of an attorney for collection."

The suit was filed by Jones and his wife for an accounting, and set out in detail the several notes and the several payments, and alleged that the notes were usurious; that, if the usury was applied, it would more than pay the outstanding notes, and that Brewer would be indebted to the appellants in the sum of money named in the bill.

The facts stated in the bill show that it was necessary for the appellants to file a bill and have the court ascertain the true state of accounts between the parties. The notes were not placed in the hands of an attorney for collection prior to bringing this suit, but were placed in the hands of an attorney for the purpose of defending the suit and securing such judgment in favor of Brewer as the court might award after the hearing. The provision in the note for the payment of the attorney's fees clearly contemplated that the attorney's fees were to be paid only when the notes were placed in the hands of an attorney by the plaintiff before any suit was filed by the defendant. The language does not contemplate the payment of attorney's fees to an adversary, where it is necessary to institute suit against such adversary to learn the state of the account or the amount due.

I think the present case is distinguished from the case of *Burt* v. *Brashears,* 118 Miss. 339, 79 So. 182, in this: In that case, the notes were placed in the hands of the attorneys before there was any proceeding to collect the notes, and the trustee, after such notes were placed in the attorneys' hands, under the direction of the attorneys proceeded to foreclose the deed of trust given to secure their payment, whereupon an injunction was sued out to prevent the foreclosure. The liability had already been incurred by the placing of the notes in the hands of the attorney prior to the injunction in said suit, and therefore in my opinion that case is not controlling

here. The court in that case, at page 343 of the Mississippi Reports (79 So. 183), said:

"It is conceded that the notes were placed with the law firm of Sillers & Sillers for collection, and, under the express contract, attorney's fees became due and payable as a part of the note."

In the case before us, the notes were not in the hands of an attorney at the institution of this litigation, and under familiar rules the rights of the parties are to be determined as of the date of the institution of the suit. Not having the right to collect attorney's fees when the injunction suit was filed, they could not therefore acquire such right, especially when they were in default, as found by the court, in not rendering a true statement of accounting to the maker of the note. I think, however, the decision in *Burt* v. *Brashears, supra,* is unsound, and ought to be overruled, because attorney's fees should not be allowed where the creditor refuses to accept the full amount due and the debtor has to litigate to get his rights. Three of the judges are of the opinion that said case ought to be overruled because wrongly decided.

It seems to me utterly unfair and not within the contract embraced in the note for the holder of the note not to accept the real amount due.

ANDERSON, J.

I concur in Judge ETHRIDGE's dissent to the extent that I agree with him that *Burt* v. *Brashears,* 118 Miss. 339, 79 So. 182, ought to be overruled.

ON SUGGESTION OF ERROR.

COOK, J.

The appellant has filed a suggestion of error challenging the correctness of the decision in this case in respect to the allowance of attorney's fees only, and a majority of the court is of the opinion that said suggestion of error should be overruled.

I am of the opinion that the allowance of attorney's fees, as contracted for in the notes involved, is ruled by the case of *Burt* v. *Brashears,* 118 Miss. 339, 79 So. 182. I think the Brashears case is unsound, and ought to be overruled; but a majority of the court has not voted to overrule it, and consequently I think it is controlling on this point.

Judge ANDERSON joins me in the opinion that the Brashears case is unsound and ought to be overruled.

*Overruled.*