## M. S. SMYTHE v. GREEN ALLEN.

1. USURY. *Paying note of debtor. Instruction.*
   If one person, at the suggestion of another, takes up a note of the latter in the hands of a third person, paying less than the face of the note, and afterwards collects from the maker the full amount of the obligation, so that more than ten per cent. per annum is realized, the transaction is not necessarily usurious, and an instruction stating that it is usurious should not be given if there is evidence tending to show that the money was not advanced as a loan, but that there was simply a purchase of the note.

2. SAME. *Inadvertent overcharge of interest. Intent.*
   On an issue as to usury, where there is evidence tending to show that an overcharge of interest complained of was the result of mere inadvertence in making notes payable a short time before it was intended they should be, it is error to instruct a jury that no express contract to pay usury is necessary, and that if the *effect* is that one realizes more than ten per cent., all interest is forfeited.

3. SAME. *Violation must be intentional.*
   The law against usury being penal, mere mistake in fact, error in calculation, or inadvertence in the insertion of date will not make a contract usurious. There must be an agreement by which the debtor knowingly gives or promises, and the lender knowingly takes or reserves, excessive interest, with *intent* to violate the statute. *Bank v. Snodgrass*, 4 How. 573, cited.

FROM the circuit court of Leake county.

By consent, EDWARD CURRIE, ESQ., presided in the trial of this case.

The facts are stated in the opinion of the court.

*Calhoon & Green*, for appellant.

1. Appellee's tenth instruction is erroneous. It entirely ignores *intent*, and told the jury that all interest was to be forfeited if the "*effect*" of the transaction was an excess in charge of interest. If it is the law, a man may be ruined by accident or mistake. There must be an agreement by which the borrower "knowingly promises" and the lender "knowingly receives" more than legal interest, with an intention to violate the statute. *Bank* v. *Snodgrass*, 4 How. 573. See, also, *Bank* v. *Waggener*, 9 Pet. 379.

The evidence for appellant was that there was no corrupt agreement for usury, and the instruction took this from the consideration of the jury.

2. The seventh instruction for defendant is also erroneous. The transaction was simply a purchase of the note from the county, but the testimony of Mrs. Smythe to this effect was ignored by the instruction. The county was pressing Houston, and agreed to take $125 in compromise. It was not usury for Mrs. Smythe to agree to pay this on his promise to pay her $180, the full amount of the note.

3. This verdict is against the evidence, and is based on prejudice against a money-lender. It devolves on one setting up the highly penal statute against usury to make clear proof. Courts will not take snap shots at the *sound* of usury; they want to *see* it before firing.

*Beauchamp & Sullivan*, for appellee.

The sole question is as to the usurious interest charged. The evidence for defendant fully warranted the verdict, and, although plaintiff's testimony conflicted with it, the court will not reverse. *Garrigan* v. *The State*, 55 Miss. 533; *Bower* v. *Henshaw*, 56 Ib. 619; 48 Ib. 420; 53 Ib. 171. On the conflicting evidence the jury could have found either way.

The amount charged Houston on account of the note paid the county was usurious as to fifty-five dollars. Mrs. Smythe merely loaned him the money to pay the county on the compromise, and had no right to charge him with the full amount of the note.

Plaintiff testified that she discounted Eastwood's notes from four hundred and fifty-five to four hundred dollars, but this is contradicted, and the jury found for defendant, as was its province.

*G. B. Huddleston*, on the same side.

WOODS, C. J., delivered the opinion of the court.

This was an action brought by the appellant, on the joint and several promissory note of the appellee and one Houston, against the appellee alone. The defense set up was that the note sued upon was given for a balance found to be due, on a settlement made between the appellant and Houston, and that this balance was wholly usurious interest.

The evidence offered by appellee tended to show that usurious interest on two promissory notes theretofore made by Houston to appellant constituted a part of the balance so found to be due from Houston to the appellant, and for which the note sued on was given; and that the difference between $125, the amount paid the county of Leake for and on account of another note of Houston, and $180, the amount which Houston shortly afterwards paid the appellant, in taking up this note in their settlement, was likewise usurious interest, and that this usurious interest, also, made part of the balance for which the note sued on was given.

The evidence offered by the appellant tended to show that, when the two first-named notes, made by Houston to the appellant, were executed, there was only interest contracted for and charged at the rate of ten per cent. per annum, but that through inadvertence both notes were made to mature a short time before it was intended they should mature; and that there was no usurious interest charged or collected on the promissory note, which Houston had made to the county of Leake and which the appellant had acquired from the county, the appellant becoming the owner of this note at Houston's

suggestion, and with the understanding that he should pay the same in full.

There are several causes assigned for error, but we deem it necessary to notice two only.

1. The seventh instruction, given by the special judge who presided in the trial of this cause in the court below, at the appellee's request was: "In reference to the county debt of B. L. Houston, if it appears from the evidence that the lending to him $125, or the paying out at his instance, or request, or on contract with him, such sum, in settlement of said county debt on compromise by him with the county, Mrs. M. S. Smythe, plaintiff, charged in settlement with him, as testified, about $180, then $55 of that amount is usurious and uncollectible, and the defendant is entitled to a credit for said $55."

By this charge the court said, in effect, to the jury, that if Houston borrowed $125 from appellant, Mrs. Smythe, with which to pay his debt to the county, or if Mrs. Smythe, moved thereto by Houston's suggestion, paid the county $125 for the note, and took it herself, and subsequently received from Houston the sum of $180 in payment of the note, then, in either of these cases, the difference of $55 was usurious and uncollectible. The language of the charge is, we think, too broad, and was misleading. If the statement in the instruction had been limited to a declaration that the borrowing of $125 by Houston, in this instance, and the payment speedily thereafter of $180 to Mrs. Smythe for such loan was a transaction tainted with usury, it would have been unobjectionable. But, that the transaction was likewise usurious, as was told the jury in effect, if Mrs. Smythe, the appellant, moved by Houston's suggestion, paid the county $125 for Houston's note, and soon afterwards collected it in full, principal and interest, was clearly incorrect. For, in this case, the transaction would have been tantamount to a purchase of the note by Mrs. Smythe, and its assignment to her.

2. The granting by the court below of the tenth instruction for the defendant is assigned for error. This instruction is in these words, viz: "That no express contract to pay usury is necessary to

forfeit all interest ; if the effect is that one realizes more than ten per cent. per annum, the law says that all the interest charged is forfeited and cannot be recovered."

The statute against usury is penal in its character, and no one should be made to suffer its forfeitures until first clearly shown to have fallen under its condemnation. Every thing must be proven which is necessary to constitute the offense of usury before subjecting the supposed offender to the penalty of absolute forfeiture of all interest.

Now, as was said by the court in the case of *The Planters' Bank* v. *Snodgrass*, 4 Howard, 573, "there must be an agreement between the lender and the borrower of money by which the latter knowingly gives or promises, and the former knowingly takes, or reserves, a higher rate of interest than the statute allows, and with an intention to violate the statute," in order to constitute usury. In the very nature of the case, in every usurious contract there must exist these two elements of *knowingly* giving or promising, and *knowingly* taking or reserving a greater rate of interest than that fixed by statute, and of doing so *intentionally*. It follows, therefore, that when, by mistake in fact, by error in calculation, or by inadvertence in insertion of date, the effect of an engagement to pay money may be to secure a greater rate of interest than the statutory rate, yet such mistake, error or inadvertence will not stamp the taint of usury on such engagement, nor cause to be visited upon one who did not *knowingly* and *intentionally* disregard the law in this behalf the highly penal consequences of an usurious offense.

In the light of appellant's testimony, this was a case in which the excessive interest, if any there was, found its way into the notes of Houston by inadvertence in the insertion of an erroneous date of maturity. We are to be understood as expressing no opinion as to the correctness of Mrs. Smythe's version of this transaction, but we are to be understood as expressing the opinion, that under this tenth instruction given for defendant, by the court below, the entire evidence of the appellant, Mrs. Smythe, on this vital point, was eliminated from the case, and was withdrawn from the consideration of the jury. The jury was plainly instructed that, if *the effect* of the

transaction in question was to cause Mrs. Smythe to realize more than ten per cent. per annum for loaned money, she must forfeit all interest. This was manifestly incorrect, inasmuch as it excluded the question of *intention,* and as it effectually withdrew from the view of the jury the element of mistake, or inadvertence in the transaction disclosed in the evidence of Mrs. Smythe.

*Reversed and remanded.*