CHANDLEE *v.* THARP.

(Division A.   Nov. 16, 1931.)

[137 So. 540.   No. 29506.]

**J. C. Ross** and **Gardner & Backstrom,** all of Gulfport, for appellant.

R. A. Wallace, of Gulfport, for appellee.

Creekmore & Creekmore, of Jackson, for appellee.

**Cook, J.,** delivered the opinion of the court.

On the 7th day of June, 1926, Mrs. S. A. Chandlee became indebted to W. S. Matthews, Jr., in the sum of one thousand six hundred fifty dollars, evidenced by two promissory notes for the sum of eight hundred twenty-five dollars each, payable one and two years after date, respectively, and bearing interest at the rate of six per cent per annum. To secure this indebtedness she executed and delivered a deed of trust on certain real estate, which contained a provision for acceleration of the due date of the entire indebtedness, if any part thereof should become due and unpaid. The indebtedness secured by this deed of trust was thereafter assigned to J. H. Tharp, the husband of the appellee, and, when the first note was not paid at maturity, Mr. Tharp exercised the privilege granted in the acceleration clause of the deed of trust by declaring all of the indebtedness due; and thereupon he instructed the trustee to foreclose the deed of trust to enforce the payment of the two notes. Before any other steps had been taken in the matter, and while Mr. Tharp was away from home, Mr. Matthews, indorser of the notes, and Mrs. Chandlee, the maker thereof, approached Judge J. I. Ballenger, a confidential friend of Mr. Tharp, who sometimes represented him as attorney, and offered to pay the interest accrued on the indebtedness, amounting to ninety-nine dollars, and to pay the further sum of sixty-four dollars

for an extension of both notes for sixty days. Judge Ballenger accepted from Mrs. Chandlee separate checks for ninety-nine dollars and sixty-four dollars, payable to Tharp, the check for ninety-nine dollars bearing on its face the notation, "Interest on notes due by me to Tharp;" and the check for sixty-four dollars the notation, "This check is for extension of note due by me to said Tharp sixty days, and is no payment on said note." He also executed and delivered to Mrs. Chandlee a receipt for the sixty-four dollars, reading as follows: "Received of Miss S. A. Chandlee sixty-four 00/100 dollars for which I give sixty days extension of payment of two notes I have against her. J. H. Tharp by J. I. Ballenger." Thereafter he indorsed the two checks, and deposited them to the credit of J. H. Tharp; and, upon the return of the said Tharp to his home in Gulfport, Judge Ballenger made a full report to him of his acts in reference to this indebtedness, and Mr. Tharp approved and ratified his acts by retaining the entire sum so paid by Mrs. Chandlee.

Thereafter, for a considerable period of time, Mrs. Chandlee paid twenty dollars per month for further extensions of the indebtedness for that period of time, and on December 7, 1927, she paid four hundred dollars, three hundred twenty-five dollars of which was credited on the first note, and the balance applied to the payment of interest. Thereafter, until the second note became due by its terms, she paid Tharp ten dollars each month, for which he issued to her receipts, each of which recited that the payment was a bonus for the extension of the note then due for a period of one month. When the second note became due, R. A. Wallace was properly substituted as trustee in the deed of trust, and it was foreclosed by publication and sale of the property covered thereby, at which sale Mr. Tharp became the purchaser at and for the sum of one thousand two hundred dollars, and a trustee's deed was executed and delivered to him.

After the execution and recordation of the trustee's deed, Mr. Tharp died testate; and his wife, Mrs. F. F. Tharp, qualified as administratrix with the will annexed, and began the active administration of the estate. Among the assets of the estate were the two notes of Mrs. Chandlee, showing no credits thereon except the aforesaid credit of three hundred twenty-five dollars, and the one thousand two hundred dollars bid for the property sold at the trustee's sale; this credit being entered on the note by the substituted trustee. The administratrix filed suit on these notes in the county court, but, upon the filing of a special plea setting up that the notes were usurious, nonsuit was entered. Thereafter, and within the statutory period for the probation of claims against the said estate, Mrs. Chandlee probated a claim against the estate for the recovery and repayment of all sums paid by her on said notes, including the one thousand two hundred dollars for which the real estate covered by the aforesaid deed of trust was sold, setting forth in detail, in her claim, the circumstances under which these payments were made, the amounts thereof, and charging that the payments so made constituted interest on the principal of the indebtedness at the rate of more than twenty per cent per annum, in consequence of which the entire principal and interest had been forfeited. The administratrix filed a contest of this claim, and, after a full hearing thereof, the chancellor entered a decree, finding that the payment of sixty-four dollars for an extension of sixty days was a payment of interest in excess of twenty per cent per annum on the principal of the debt, and, as a consequence thereof, conferred on Mrs. Chandlee the right to declare the principal of, and all interest on, said indebtedness forfeited, and that she had thereafter exercised this right conferred on her by statute, and allowed the claim for all amounts paid by her in cash, except the item of interest amounting to ninety-nine dollars, which was paid before usurious in-

terest was received on said indebtedness. As to the item of one thousand two hundred dollars, the amount for which the property covered by the deed of trust securing the indebtedness was sold, the chancellor held that it was not an actual payment on the indebtedness, because the foreclosure sale was void, for the reason that prior to the sale the indebtedness had been entirely extinguished by reason of the exaction of interest thereon in excess of twenty per cent per annum, and that her only remedy as to this item was, and is, a suit to recover property so sold. From the decree disallowing a recovery of this item of one thousand two hundred dollars, Mrs. Chandlee prosecuted a direct appeal; while the administratrix prosecuted a cross-appeal, assigning as error the allowance of the claim for the various cash payments made by Mrs. Chandlee.

On the cross-appeal there are two contentions urged that may be considered and disposed of together: First, that the claim of the cross-appellee, being in the nature of a penalty, was not a probatable claim; and, second, that the claim, being in the nature of a forfeiture or penalty, does not survive against the personal representative of the deceased.

Section 1712 of the Code of 1930 provides, among other things, that executors, administrators, and temporary administrators "shall also be liable to be sued in any court in any personal action which might have been maintained against the deceased," and it has been held that our statute providing for the probation of claims against the estate of a deceased person refers, and is limited to, contractual claims. Feld v. Borodofski, 87 Miss. 727, 40 So. 816. It has also been frequently held by this court that a penalty or punitory damages, does not survive, and is not recoverable against the estate of a deceased person. McNeely v. City of Natchez, 148 Miss. 268, 114 So. 484; Wagner v. Gibbs, 80 Miss. 53,

31 So. 434, 92 Am. St. Rep. 598; Hewlett v. George, Exec., 68 Miss. 703, 9 So. 885, 13 L. R. A. 682.

Section 1946 of the Code of 1930, after fixing the legal and contractual rate of interest that may be charged, provides, further, that "if a greater rate of interest than eight per centum shall be stipulated for or received in any case, all interest shall be forfeited, and may be recovered back, whether the contract be executed or executory. If a rate of interest is contracted for or received, directly or indirectly, greater than twenty per centum per annum, the principal and all interest shall be forfeited, and any amount paid on such contract may be recovered by suit." The claim here involved is based upon the charge and ground that a greater rate of interest than twenty per cent per annum was received by the creditor, and seeks to recover all amounts paid on the usurious indebtedness. The question then is presented as to whether or not this claim is contractual or is in the nature of a penalty, or punitive damages. In the case of Buntyn v. B. & L. Ass'n, 86 Miss. 454, 38 So. 345, it was held that an obligation to repay interest collected upon an usurious agreement (although liability therefor arose under a statute declaring that in such case all interest shall be forfeited and may be recovered back) is in its nature an implied contract, and will be barred by the three-year statute of limitation, providing that actions on unwritten contracts, express or implied, shall be commenced within three years, the court saying: "The liability, if it exists at all, arises not from any express contract, either written or verbal, but from the fact that the appellee coerced the payment of money which it had no right to exact, in which case, because of its obligation to repay such money, the law implies a contract on its part to do so."

In the case of Bank v. Auze, 74 Miss. 609, 21 So. 754, it was held that a suit to recover interest under a statute declaring a forfeiture of all interest paid on an usurious

contract is not one for a penalty which is barred by the statute, requiring all actions and suits for any penalty or forfeiture on any penal statute to be commenced within one year; and this announcement was reaffirmed in the case of Beck v. Tucker, 147 Miss. 401, 113 So. 209. It being established by the decisions of this court that the obligation to repay money declared to be forfeited on account of the usurious nature of the contract upon which it was paid is a contract implied in law, it seems clear that it comes within the classification of "personal actions;" which may be maintained against a personal representative of a deceased, and being contractual, it is within the class of claims that are probatable against the estate of a decedent.

It is next contended that an antecedent indebtedness is not affected by subsequent usurious renewals or extensions, and that since the original notes and deed of trust were free of usury when they were executed, there can be no recovery; and in support of this contention there is cited the announcement of this rule by text writers and the courts of other jurisdictions. Whatever may be the rule in other jurisdictions, it has been expressly held by this court that in order to render the payment of an unlawful rate of interest usurious, the agreement so to do need not be "contemporaneous with the making of the original contract, or then be in the minds of the parties," and that all interest paid after the contract becomes usurious is forfeited, and may be recovered back. Beck v. Tucker, 147 Miss. 401, 113 So. 209, 211. In the case of Rozelle v. Dickerson, 63 Miss. 538, it was held that any stipulation for usurious interest, whenever and however made, whether oral or written, brings the contract with which it is connected within the statute against usury, and that a contract to pay usurious interest on a promissory note for one year after its maturity works a forfeiture of interest accruing on the note as well after as during such year, in the absence

of a subsequent express agreement for a legal rate of interest. In the case of Warmack v. Boyd, 63 Miss. 488, it was held that a subsequent note for usurious interest on a note previously executed destroyed the interest-bearing quality of the first note, and that it yielded no interest after the date of the usurious contract, and the court there refused to set aside a foreclosure sale that had been made to pay the usurious debt, and allowed a recovery of the usurious interest against the estate of the deceased creditor.

In no event could the rule contended for be applied to the case at bar, for the reason that it comes within the condemnation of that provision of the statute which declares that the principal of the indebtedness shall be forfeited when more than twenty per cent interest is received directly or indirectly. To hold that the principal of the indebtedness was unaffected by the subsequent usurious exaction of interest at a rate of twenty per cent per annum, for the reason that the contract was not usurious at its inception, would emasculate the statute. It is true that the contract here involved was not usurious at its inception, but, when the creditor subsequently received, indirectly, more than twenty per cent per annum interest, it conferred upon the debtor the right to declare all the principal forfeited, and to recover back all payments made on the principal, as well as all usurious interest paid. The decree of the court below will therefore be affirmed on cross-appeal.

On the direct appeal, the appellant, Mrs. Chandlee, assigned as error the holding of the court below that the amount for which the appellant's property was sold and conveyed to J. H. Tharp by the substituted trustee at the foreclosure sale of the deed of trust securing the payment of said indebtedness, was not an actual payment on said indebtedness, for the reason that the sale was void on account of the fact that the entire indebted-

ness had been extinguished by the exaction of more than twenty per cent interest per annum.

On the face of the record, the entire foreclosure proceedings appear perfectly legal and valid, and the trustee's deed conveying the property to the said J. H. Tharp, the highest bidder therefor, was duly executed, delivered and recorded. It is true that the statute above quoted expressly declares that, where more than twenty per cent interest is received, the principal of the indebtedness shall be forfeited, but this statute is not self-operative; it merely confers upon the debtor who has paid such usurious interest the right to assert and enforce a forfeiture of the principal and all interest, and in this case this right was vested solely in the appellant. The indebtedness first became usurious when the payment of sixty-four dollars for a sixty-day extension was made, but the notes were not thereby rendered void, but, at most, only voidable at the instance of the debtor. Usury is a defense available at law or in equity, and, being a defense, it must be pleaded as other defenses, or the benefit to be derived therefrom will be waived, and a judgment or decree based upon an usurious contract is valid, in the absence of such defense, and will not be set aside by any of the courts of this state. In the case at bar, if the creditor or his personal representative had the right to disaffirm the sale, as to which we express no opinion, the fact is that neither he nor his personal representative disaffirmed or offered to disaffirm it by reconveying, or offering to reconvey, the property purchased by the creditor at the foreclosure sale; but they have at all times in the courts below asserted the validity of the sale, and it is not made to appear from this record whether the property is still owned by the estate of the deceased creditor, or has passed into the hands of an innocent purchaser for value, without notice of any infirmity in the notes, for the payment of which the property was sold under the deed of trust. At the time of

the foreclosure sale, in the absence of any affirmative action on the part of the debtor, the notes evidencing the indebtedness, for the payment of which the sale was made, were not void, but only voidable at the instance of the debtor, and we do not think her rights in the premises were limited to a suit to recover the property sold, but that she had the right to elect to treat the amount for which the property was sold as a payment on the indebtedness, and to maintain her claim for a recovery of this sum. The decree of the court below will therefore be reversed on direct appeal, and a decree will be entered here allowing the claim for said item of one thousand two hundred dollars, with interest.

Reversed on direct appeal, and decree for the appellant; and affirmed on cross-appeal.