PATTERSON *v.* J. W. McCLINTOCK, INC., *et al.*

(In Banc. Jan. 13, 1947.)

[28 So. (2d) 737. No. 36272.]

**Henry & Barbour,** of Yazoo City, for appellant.

**V. B. Montgomery** and **W. D. Womack,** both of Belzoni, for appellees.

**Roberds, J.,** delivered the opinion of the Court.

The court below found that Patterson had contracted to pay McClintock interest at a rate greater than eight, but less than twenty percent, annually, and that Patterson was liable for the principal of, but not the interest on, the debt. Section 36, Code 1942. Patterson now contends on his direct appeal that the chancellor erred in not finding that the rate of interest exceeded twenty percent and in not also forfeiting the principal of the debt.

The question presented to us is whether the evidence justified the chancellor's finding of fact and his conclusion of law. The dealings between these parties ran over a number of years and involved many transactions. The record discloses that of the amount claimed by Patterson to be usurious interest a large part, at least, consisted of errors, inadvertences, miscalculations, and bona fide contentions over disputed items. These do not constitute usury.

"In the very nature of the case, in every usurious contract, there must exist these two elements of knowingly giving or promising, and knowingly taking or reserving, a greater rate of interest than that fixed by statute, and of doing so intentionally. It follows, therefore, that when by mistake in fact, by error in calculation, or by inadvertence in insertion of date, the effect of an engagement to pay money may be to secure a greater rate of interest than the statutory rate, yet such mistake, error, or inadvertence will not stamp the taint of usury on such engagement, nor cause to be visited upon one who did not knowingly and intentionally disregard the law in this behalf

the highly penal consequences of an usurious offense.'' Smythe v. Allen, 67 Miss. 146, 6 So. 627, 628. Again it was said in Jones v. Hernando Bank, 194 Miss. 474, 13 So. (2d) 31, 32, ''To constitute usury, there must be an intent to commit the act which results in the exaction of a usurious charge. When such act is the result of mistake or misapprehension, this necessary element is lacking.'' The chancellor was amply justified in his finding and conclusion in this regard.

The decree below adjudicated that the principal of the debt due and owing by Patterson to McClintock was $4,-921.67. The notes evidencing the liability of Patterson obligated him to pay ten percent ''. . . upon the amount due.'' The chancellor disallowed any claim for attorney's fees. This action is the ground for the cross-appeal. The fact that all interest had been forfeited did not relieve the maker of the notes of the obligation to pay attorney's fees upon the amount found to be owing. Burt v. Brashears, 118 Miss. 339, 79 So. 182; Jones v. Brewer, 146 Miss. 142, 110 So. 115.

Affirmed on direct appeal; reversed on cross-appeal and remanded for further proceedings in accordance with this opinion.

**Sydney Smith, C. J.**, did not participate in this decision.