CORTNER *v.* BENNETT

No. 40371 February 18, 1957 92 So. 2d 559

*Thomas K. Holyfield,* Meridian, for appellant.

*Witherspoon & Compton,* Meridian, for appellee.

Arrington, J.

George V. Cortner, appellant and plaintiff below, filed suit in the Circuit Court of Lauderdale County against James Bennett, Jr., defendant and appellee here, seeking the recovery of $440 balance due on a promissory note. He alleged that on March 19, 1953, he loaned Bennett the sum of $600, at four per cent interest for a period of six months. Bennett was given credit for a payment on said note of $150 on March 26, 1954, and was later given an additional credit of $10.00. No further payments were made and this suit was filed.

Appellee Bennett in his answer admitted signing the note in question but alleged that he signed the note in blank and that he only borrowed the sum of $500; that he signed the note in blank and received the $500 and trusted the appellant Cortner to fill in the note for the

said sum of $500. The appellee admitted that he made the payments of $160, which were duly credited on the note, and that he did not know at the time he made the $150 payment that the note had been filled in for $600, and alleged that the charge of $100 plus four percent was usurious and the note was void under the statute. The appellee, in addition to his answer, filed a counterclaim in which he alleged that he paid the $160 on the note under the assumption that it had been filled in for the correct amount of $500, and at the time he made the payment, he did not know that the note was in the amount of $600, which rendered the loan usurious, and demanded judgment for the recovery of $160 paid on the note, together with six per cent interest. The appellant, in answer to the counterclaim, denied that the correct amount of the note was $500, and alleged that the appellee borrowed the sum of $600 and it was correctly filled in for that amount.

 █ The facts, briefly stated, are as follows: The appellant Cortner testified that the appellee asked him to loan him $500; that he agreed to make the loan; that when he went to the bank to get the money, the appellee asked him to make the loan $600; that he acceded to his request and that the appellee Bennett, at the time he loaned him the $600, filled in the note for said amount and signed same at the bank; that he wrote in the four per cent interest charge. The appellee testified that $500 was all he borrowed from the appellant; that they went to the bank as testified to by the appellant, but he denied that he wrote in the sum of $600; that the appellant asked him for a note; that he signed it in blank and when the appellant gave him the $500, he handed him the note and that he did not know the note was filled in for $600 until he had made the payment of $150 on March 26, 1954. On this conflicting evidence, it was a question for the jury to determine whether the amount loaned was $500 or $600. The jury found for the ap-

pellee and returned a verdict in the sum of $160 plus six per cent interest from the date of payment.

The appellant argues a number of assignments, contending that the lower court erred in permitting the case to go to the jury on the ground that the appellant and the appellee both testified that there was no agreement or contract to pay $600 for a loan of $500, and that the note did not violate the statute. Section 36, Mississippi Code of 1942, is as follows:

"The legal rate of interest on all notes, accounts and contracts shall be six per cent per annum; but contracts may be made, in writing, for a payment of a rate of interest as great as eight per centum per annum. And if a greater rate of interest than eight per centum shall be stipulated for or received in any case, all interest shall be forfeited, and may be recovered back, whether the contract be executed or executory. *If a rate of interest is contracted for or received, directly or indirectly, greater than twenty per centum per annum, the principal and all interest shall be forfeited, and any amount paid on such contract may be recovered by suit.*" (Emphasis ours)

Since the jury found that the appellee only borrowed the sum of $500, then according to all the proof, he received only a $60 credit on the note when he should have received a credit of $160, which would have made a balance due of $340 instead of $440. Thus the jury found that the appellant by filling in the note for $600 exacted $100 which was charged as interest and was greater than twenty per cent per annum. The question as to whether the appellant intentionally charged the appellee the $100 as interest was presented to the jury for its determination.

The appellant further contends that since the note was not usurious at its inception, the court erred in refusing the requested peremptory instruction and later in overruling motion for a new trial on the ground that the contract could not be usurious, citing the case of

Patterson v. McClintock, Inc., et al, 201 Miss. 107, 28 So. 2d 737. The Court in its opinion quoted from the case of Jones v. Hernando Bank, 194 Miss. 474, 13 So. 2d 31, as follows:

"To constitute usury, there must be an intent to commit the act which results in the exaction of a usurious charge. When such act is the result of mistake or misapprehension, this necessary element is lacking."

■■■ This statement is not applicable to the case at bar as the appellant testified that Bennett filled in the note for $600 and that he loaned him that amount.

■■■ In Hardin v. Grenada Bank, 182 Miss. 689, 180 So. 805, this Court said: "The law (usury statute) will not tolerate any devices to defeat its provisions when the consummation of usury is really intended."

■■ ■ The fact that the appellant and the appellee did not contract or stipulate for a greater rate of interest than twenty per cent does not prevent the note from being usurious if the appellant received directly or indirectly a greater rate of interest than twenty per cent per annum.

"In no event could the rule contended for be applied to the case at bar, for the reason that it comes within the condemnation of that provision of the statute which declares that the principal of the indebtedness shall be forfeited when more than twenty percent interest is received directly or indirectly. To hold that the principal of the indebtedness was unaffected by the subsequent usurious exaction of interest at a rate of twenty per cent per annum, for the reason that the contract was not usurious at its inception, would emasculate the statute. ■■■ It is true that the contract here involved was not usurious at its inception, but, when the creditor subsequently received, indirectly, more than twenty per cent per annum interest, it conferred upon the debtor the right to declare all the principal forfeited, and to recover back all payments made on the prinicipal, as

well as all usurious interest paid.'' Chandlee v. Tharp, 161 Miss. 623, 137 So. 540, 78 A. L. R. 445.

We have examined the other assignments of error and find them to be without merit. The verdict of the jury was supported by ample evidence and the judgment is affirmed.

Affirmed.

*McGehee, C. J.,* and *Kyle, Ethridge,* and *Gillespie,* JJ., concur.