648 So.2d 1147 (1995)
SUNBURST BANK,
v.
Robert M. KEITH, Jr.
No. 91-CA-00619.
Supreme Court of Mississippi.
January 12, 1995.
*1148 Terry L. Caves, W. Dal Williamson, Caves Williamson & Caves, Laurel, for appellant.
James D. Hester, Laurel, for appellee.
Before DAN M. LEE, P.J., and PITTMAN, J.

INTRODUCTION
McRAE, Justice, for the Court:
Robert Keith, Jr. commenced suit against Sunburst Bank (hereinafter the "Bank") in the Second Judicial District of the Jones County Chancery Court to recover the statutory forfeitures for usury collected by the Bank on fifty-eight pre-computed installment notes, plus prejudgment interest. The lower court held the Bank's actions to be usurious and awarded Keith two hundred eighty-nine thousand two hundred sixty-one dollars and ninety-seven cents ($289,261.97) which included prejudgment interest. The Bank, thereafter, appealed, assigning the following as error:
I. The chancery court erred in finding that each oral request by Keith to extend a written promissory note constituted a separate and distinct oral contract between the parties.
II. The chancery court erred in finding that each postponement of monthly payments was a separate and distinct oral credit transaction governed by the eight percent limitation in Miss. Code Ann. § 75-17-1(1) (Supp. 1989).
III. The trial court erred in finding that the Bank charged Keith a usurious rate of interest since any over charge of interest was a result of a bona fide error or mistake of fact.
IV. The trial court erred in not finding that the erroneous interest pre-calculated on Notes 57 and 58 was an accident, mistake and bona fide error not constituting usury.
V. The trial court erred in awarding prejudgment interest.
On cross-appeal, Keith asks:
I. Whether the lower court erred in failing to decree a forfeiture of "all interest" in each of the fifty-eight pre-computed installment notes which became tainted by usury.
II. Whether the lower court erred in failing to find that each of the fifty-eight notes became tainted by usury as a result of the Bank's admitted failure to conform each of the notes to the lower interest rate which *1149 prevailed on the date of each forbearance contract.
We find that the appellant's assignments of error have no merit and, therefore, affirm on direct appeal. We, however, do find merit in appellee's cross-appeal and hold that, as a matter of law, appellee is entitled to a forfeiture of all interest. For purposes of simplicity and economy, we have combined some of the assignments of error and redefined the issues accordingly.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
Between November, 1983 through May, 1986, Robert M. Keith, Jr. executed fifty-eight (58) separate written promissory notes in favor of the Bank of Laurel, a predecessor of the Sunburst Bank. All of the loans were for business purposes, and the face amount of each note included interest which had been pre-calculated based on the term of the note. During the terms of these monthly installment notes, Keith would orally request and the Bank would orally approve and grant a thirty-day forbearance. Each forbearance contract extended or deferred the monthly payment for that period and the maturity date by one additional month. Each of the fifty-eight notes was deferred at least once, and altogether, there was a total of two hundred three (203) contracts of forbearance. Upon such an extension, Keith paid a fee for said postponement of payment. The extension added one month to the term of the note but did not add any additional payments to the note other than the forbearance fee.
The Bank calculated the forbearance fee by dividing the number of months of the term of the original note into the pre-calculated interest specified in the note. For example, if the pre-computed interest shown in the note was $1,000.00 and the term of the note was forty-eight months, the fee charged for the forbearance was $1,000.00 divided by forty-eight, or $20.83, regardless of the balance then owed on the note or the number of months remaining on the original term.
Keith commenced suit in the Chancery Court of the Second Judicial District of Jones County against the Bank charging that it exacted an illegal, exorbitant, usurious rate of interest for each of the two hundred three (203) oral contracts of forbearance. The Bank denied that it charged any usurious interest on the fifty-eight notes but argued, in the alternative, that if any usurious interest was received, it was the result of a mistake or misapprehension. Keith argued that each oral request for a forbearance, when accepted by the Bank, resulted in a contract within the meaning of Miss. Code Ann. § 75-17-1 (Supp. 1989), and as such, the maximum legal rate of interest was eight percent (8%) per annum on each monthly installment deferred. Keith contended that every time he was charged a forbearance fee, the fee should have been calculated using the interest rate shown in the note based upon the balance at the time of the extension. The court took the case under advisement and entered its opinion on May 6, 1991. The chancellor found that each forbearance fee paid by Keith constituted a separate oral contract, subject to the eight percent (8%) per annum provision of Miss. Code Ann. § 75-17-1(1) (Supp. 1989). The court found that all notes, with the exception of Notes 25, 57 and 58, were not usurious on their face. The Bank admitted, at trial and its brief, that the pre-calculated interest rates on Notes 25, 57 and 58 were over the annual percentage rate allowed by law. Based on the testimony of the Bank's president, Fred Abney, and the stipulated data presented at trial, the chancellor rendered judgment against the Bank for $289,261.97.

STANDARD OF REVIEW
This Court may not disturb a chancellor's findings "unless the Chancellor was manifestly wrong, clearly erroneous, or applied an erroneous legal standard." Tinnin v. First United Bank of Mississippi, 570 So.2d 1193, 1194 (Miss. 1990). See Bell v. Parker, 563 So.2d 594, 596-97 (Miss. 1990); Mullins v. Ratcliff, 515 So.2d 1183, 1189 (Miss. 1987). Regarding issues of fact as to which a chancellor did not make specific findings, this Court is required to assume that the chancellor resolved all such factual issues in the appellee's favor. Bryant v. Cameron, 473 So.2d 174, 179 (Miss. 1985). This Court does not have the authority to grant an appellant *1150 relief "if there [is] substantial credible evidence in the record undergirding the determinative findings of fact made in the chancery court." Johnson v. Black, 469 So.2d 88, 90 (Miss. 1985).

DISCUSSION OF LAW

I. Did the chancery court err in finding that each oral request to extend a written promissory note was governed by the eight percent limitation in Miss. Code Ann. § 75-17-1(1) (Supp. 1989)?
In his conclusions of law, the chancellor first addressed the question of whether a forbearance granted as a result of an oral agreement was to be considered a separate contract or as part of the original written agreement. The chancellor specifically found:
The Court is of the opinion that extensions and forbearances, not in writing, are to be considered separate oral contracts subject to the eight per cent per annum provision of the usury law. The transaction as it developed between these parties was an oral agreement to grant forbearance of monthly payments due on a written contract. If not treated as a separate contract, then would the entire transaction, (to-wit: a written installment contract with specified monthly installments coupled with oral agreements of forbearance) be treated as a oral contract or a written contract under the usury laws? The logical way, providing the most guidance to one dealing with usury laws, would be to consider the oral agreement of forbearance as subject to the provision relating to [sic] oral contract.
The Bank argues that each forbearance agreement was merely an amendment to the original written promissory notes so that the yield should have been computed at the time of discharge over the life of the written promissory notes. The Bank contends that the eight percent (8%) interest rate limitation set forth in Miss. Code Ann. § 75-17-1(1) (Supp. 1989) does not apply. Mississippi Code Ann. § 75-17-1(1) (Supp. 1989) provides:

The legal rate of interest on all notes, accounts and contracts shall be eight percent (8%) per annum, calculated according to the actuarial method, but contracts may be made, in writing, for payment of a finance charge as otherwise provided by this section or as otherwise authorized by law.
The Bank argues that a written contract can be orally modified even when the original contract provides that any modification must be in writing. Eastline Corp. v. Marion Apartments, Ltd., 524 So.2d 582, 584 (Miss. 1988). See City of Mound Bayou v. Roy Collins Constr. Co., 499 So.2d 1354, 1359 (Miss. 1986); New York Life Ins. Co. v. O'Dom, 100 Miss. 219, 56 So. 379, 382 (1911). In Eastline, this Court held that the oral modification to the written agreement was valid since the parties pattern of conduct waived the stipulation. Eastline, 524 So.2d at 584.
The Bank and Keith both concede that each of the fifty-eight pre-computed installment notes was orally modified and that each forbearance contract deferred the maturity date of each note by one month. The Bank contends that the forbearance contracts were only intended to alter or amend the final payment of the written contracts. The Bank argues that in order for Miss. Code Ann. § 75-17-1 (Supp. 1989) to apply, Keith would have had to receive loan proceeds as a result of his oral request for extension. The Bank argues that there exists no testimony in the record indicating the Bank loaned money or extended credit to Keith as a result of the oral request by Keith. However, the appropriate inquiry is not what the debtor received but, rather, what the lender got in exchange for granting a forbearance. Keith cites Carper v. Kanawha Banking & Trust Co., 157 W. Va. 477, 207 S.E.2d 897 (1974), which defines both a loan and a forbearance and distinguishes the two:
The definitions are meant to highlight the distinction between a loan and a forbearance: being that a loan is a contemporaneous transaction evidencing the creation of a debt to be repaid, while a forbearance is a subsequent agreement entered into between a debtor and creditor to secure the *1151 repayment of a debt previously created and matured.
Carper, 157 W. Va. 477, 207 S.E.2d at 905.
The early case of McAlister v. Jerman, 32 Miss. 142 (1856), provides guidance:
The facts are these: the debt being due, the parties entered into an agreement by which Johnson was to pay for forbearance, a rate of interest exceeding eight per cent [sic] per annum. Such a contract has been decided by this court to be in violation of the statute on the subject.
McAlister, 32 Miss. at 143. In Hardin v. Grenada Bank, 182 Miss. 689, 180 So. 805 (1938), this Court held that even though the original note provided for a legal rate of interest, the consideration for forbearance became tainted with usury when the additional amount paid to the bank exceeded eight percent (8%) per annum. Hardin, 182 Miss. 689, 180 So. at 809. And in the case of Chandlee v. Tharp, 161 Miss. 623, 137 So. 540 (1931), the appellant lender argued that an antecedent debt could not be affected by a subsequent usurious extension and since the original note was not usurious when executed, there could be no recovery. Chandlee, 161 Miss. 623, 137 So. at 542. This Court rejected the lender's argument and held:
[I]t has been expressly held by this Court that in order to render the payment of an unlawful rate of interest usurious, the agreement so to do need not be "contemporaneous with the making of the original contract, or then be in the minds of the parties," and that all interest paid after the contract becomes usurious is forfeited, and may be recovered back. Beck v. Tucker, 147 Miss. 401, 113 So. 209, 211 (1927).
Chandlee, 161 Miss. 623, 137 So. at 542. The Chandlee Court allowed the debtor to declare all the principal forfeited, receive all back payments made on the principal, as well as all interest. Id. Lastly, this Court has held that however provided, whether oral or written, any stipulation for usurious interest, brings an original connected contract within the statute against usury. Rozelle v. Dickerson, 63 Miss. 538, 545 (1886).
The answer to this dispute lies within the definition of the term forbearance. Forbearance has been defined as a "subsequent agreement entered into between a debtor and creditor to secure the repayment of a debt previously created and matured." Carper v. Kanawha Banking & Trust Co., 157 W. Va. 477, 207 S.E.2d 897, 905 (1974). The Bank never argues that the 203 agreements in question were not forbearances. Rather, throughout the life of this appeal, it contends that the agreements were forbearances. Simply put, a forbearance is a more specific, separate creature than an amendment. The chancellor committed no error in finding that the interest on each forbearance contract was subject to the eight percent (8%) limitation of Miss. Code Ann. § 75-17-1(1) (Supp. 1989).

II. Did the trial court err in finding that the Bank charged Keith a usurious rate of interest?
In order to be found guilty of usury, the creditor must intend to commit the usurious acts. "To constitute usury, there must be an intent to commit the act which results in the exaction of a usurious charge. When such act is a result of a mistake or misapprehension, this necessary element is lacking." Jones v. Hernando Bank, 194 Miss. 474, 478, 13 So.2d 31, 32 (1943). The Bank contends that in the event that this Court does determine that the forbearance agreements fall within the realm of Miss. Code Ann. § 75-17-1(1) (Supp. 1989), the act of charging a usurious rate of interest was a result of a mistake or misapprehension and was exacted without any intent to receive a usurious rate of interest. The fact that the Bank computed the interest of the forbearance agreements by dividing the number of months in the term of each note into the total pre-calculated interest over the entire term of the note, without a single miscalculation, is a fact admitted not only by a jointly prepared exhibit but also in the Bank's brief. Jones v. Hernando Bank, 194 Miss. 474, 13 So.2d 31 (1943) states, "[A] mistake of fact purges the transaction of usury, whereas a mistake as to the legal effect of a purposeful act is a mistake of law and the actor is bound by the result." Jones, 194 Miss. 474, 13 So.2d at 32 (emphasis added). The Bank admitted at trial that there was a conscious, deliberate intention on the part of Sunburst Bank to *1152 charge Keith in each incident what it did in fact charge him. Both parties agree that this issue is a question of law, and therefore, the chancellor committed no error in finding that the Bank charged Keith a usurious rate of interest.

III. Did the trial court err in not finding that the erroneous interest pre-calculated on note numbers 57 and 58 was an accident, mistake and bona fide error not constituting usury?
In the original computation and execution of Note 57, a bank employee erroneously calculated the interest based upon a forty-eight month term rather than the correct term of thirty-six months. This error was discovered by the Bank president and brought to the attention of the lower court during discovery. The Bank admitted at trial that the interest charged on Note 57 exceeded that allowed by law. In addition, the Bank president testified that, through a clerical error, the interest was not added into the face amount of Note 58, although the amount of the monthly installment included the appropriate interest charge. Therefore, Keith paid more than what the face amount in Note 58 indicated was due, although the payment schedule which Keith went by was correct.
All the interest was forfeited on Notes 57 and 58 since the lower court found that they were usurious on their face. The Bank argues that there is absolutely no proof before this Court that this interest calculation by the Bank was intentional or designed to violate the usury statute. The Bank claims that the interest charged was a result of a mistake. Keith argues that the Bank conveniently overlooks the fact that both Notes 57 and 58 became infected with the taint of usury by virtue of usurious charges exacted for the forbearances.
In Patterson v. J.W. McClintock, Inc., 201 Miss. 107, 28 So.2d 737 (1947), this Court provided:
In the very nature of the case, in every usurious contract, there must exist these two elements of knowingly giving or promising, and knowingly taking or reserving, a greater rate of interest than that fixed by statute, and of doing so intentionally. If follows, therefore, that when by mistake in fact, by error in calculation, or by inadvertence in insertion of date, the effect of an engagement to pay money may be to secure a greater rate of interest than the statutory rate, yet such mistake, error, or inadvertence will not stamp the taint of usury on such engagement, nor cause to be visited upon one who did not knowingly and intentionally disregard the law in this behalf the highly penal consequences of an usurious offense.
Patterson, 201 Miss. 107, 28 So.2d at 737 (quoting Smythe v. Allen, 67 Miss. 146, 6 So. 627, 628 (1889)).
For reasons that will be set forth in the cross-appeal discussion of this opinion, it is of no consequence how this issue is resolved. The chancellor found that all forbearance agreements contained usury. Mississippi's case law on usury dictates that all interest of an original note be forfeited when the interest in a subsequent forbearance agreement exceeds the lawful rate. The resolution of whether Notes 57 and 58 were usurious on their faces has no bearing on outcome of this decision.

V. Did the trial court err in awarding prejudgment interest?
The chancellor awarded Keith prejudgment interest and stated in his conclusions of law:
The plaintiff has requested and the Court finds that he is entitled to prejudgment interest since December 16, 1988, which is the last date any interest in excess of 16% was charged. Plaintiff waived any prejudgment interest prior to that time.
An award of prejudgment interest is normally left to the discretion of the trial judge. Warwick v. Matheney, 603 So.2d 330, 341 (Miss. 1992). "Under Mississippi law prejudgment interest may be allowed in cases where the amount due is liquidated when the claim is originally made, or where the denial of the claim is frivolous or in bad faith." Aetna Casualty & Surety Co. v. Doleac Electric Co., 471 So.2d 325, 331 (Miss. 1985). See Stanton & Associates, Inc. v. Bryant Constr. *1153 Co., 464 So.2d 499, 504 (Miss. 1985). Mississippi also acknowledges the judicial authority to award the prevailing party prejudgment interest in breach of contract suits. Warwick, 603 So.2d at 340. See City of Mound Bayou v. Roy Collins Construction Co., 499 So.2d 1354, 1361 (Miss. 1986). Further, Miss. Code Ann. § 75-17-7 (Supp. 1991) provides:
All judgments or decrees founded on any sale or contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered. All other judgments or decrees shall bear interest at a per annum rate set by such judge to be fair but in no event prior to the filing of the complaint.

Miss. Code Ann. § 75-17-7 (Supp. 1991) (emphasis added).
The lower court computed prejudgment interest based on unequivocal data jointly supplied by Keith and the Bank. This data furnished the payment history of all the notes. One must remember that prejudgment interest "is not imposed as a penalty for wrong doing; it is allowed as compensation for the detention of money overdue." Rubel v. Rubel, 221 Miss. 848, 75 So.2d, 59, 69 (1954). The Bank failed to demonstrate any abuse of discretion in the trial judge's decision to award prejudgment interest in this case.

CROSS-APPEAL

I. Did the lower court err in failing to decree a forfeiture of "all interest" in each of the fifty-eight pre-computed installment notes which became tainted by usury?
The chancellor declared a forfeiture of interest which accrued after the promissory notes first became tainted with usury via the forbearance charges. Keith maintains on cross-appeal that the chancellor erred in failing to decree a forfeiture of all interest in each and all of the fifty-eight pre-computed installment loan transactions. The Bank argues that since the original notes were not tainted with usury, the appropriate measure of damages would be the amount of interest charged in excess of the amount allowed by law.
The case of Rozelle v. Dickerson, 63 Miss. 538 (1886), is controlling on this issue. In Rozelle, this Court held that all interest, including the interest paid before the note became usurious, was forfeited. This Court stated:
The purpose of the statute is to discourage exorbitance, and this it does by declaring a forfeiture of "all interest" "in any case" in which a greater rate than ten per cent [sic] is stipulated for. The forfeiture is not of all interest for the time during which the unlawful rate is stipulated for, but it extends throughout, is co-extensive with the contract of which it is originally or is subsequently made a part, and unless a new and express agreement is made for future legal interest, none can be thereafter collected.
Rozelle, 63 Miss. at 545. See Chandlee v. Tharp, 161 Miss. 623, 137 So. 540, 542 (1931) (all payments of principal and interest of original note were forfeited when interest of extension of note exceeded lawful rate). In addition, in Warmack v. Boyd, 63 Miss. 488 (1886), this Court held that a resulting usurious note executed in order to pay off the interest of a previous lawful note ruined the interest-bearing quality of the first note. Warmack, 63 Miss. at 495. This Court reverses this portion of the chancellor's conclusions of law and holds that, pursuant to Mississippi case law, Keith is entitled to a forfeiture of all interest.

CONCLUSION
The chancellor was correct in his finding that the Bank's actions constituted usury. Each forbearance contract cannot be considered an amendment to the original written promissory note since our case law holds that a forbearance contract is considered a separate subsequent agreement from the original note. As such, each forbearance contract is subject to the eight percent (8%) limitation in Miss. Code Ann. § 75-17-1(1) (Supp. 1989). Because it is within the sound discretion of the chancellor, the award of prejudgment interest stands. There has been no showing that the judge manifestly erred in this decision. Lastly, this Court reverses that portion of the chancellor's findings regarding the forfeiture of interest and holds that, as a *1154 matter of law, Keith is entitled to a forfeiture of all interest.
AFFIRMED ON DIRECT APPEAL; REVERSED AND REMANDED ON CROSS-APPEAL.
SULLIVAN, PITTMAN, JAMES L. ROBERTS, Jr., SMITH, JJ., concur.
DAN M. LEE, P.J., concurs in results only.
HAWKINS, C.J., PRATHER, P.J., and BANKS, J., not participating.